RECEIVED
APR 1 3 2009
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

Civil Docket No. ____

-----------------------------------------------------)
                                                     )
Stephen Ulrich,                                      )
        Plaintiff                                    )
                                                     )
vs.                                                  )        VERIFIED COMPLAINT
                                                     )
David W. Butler, individually, and in                )
his official capacity as Associate Circuit           )
Judge of the Eleventh Circuit of Illinois,           )
Woodford County,                                     )
        Defendant                                    )
                                                     )
-----------------------------------------------------)

## JURISDICTIONAL BASIS

I. Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

II. Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed him by the First, Fifth, Seventh, Eighth, Ninth, and Fourteenth Amendments of the Federal Constitution, by the defendant under color of the law in his capacity as Judge in the Eleventh Judicial Circuit of Illinois, Woodford County.

III. Plaintiff, Stephen Ulrich, is a natural person residing at 4026 Illinois, Peoria Heights, Illinois 61616.

IV. Defendant is a Judge presiding at the Eleventh Judicial Circuit of Illinois, Law and Justice Center, 104 West Front Street, Bloomington, Illinois 61701.

## STATEMENT OF CASE

Title 42 U.S. Code § 1983 reads as follows:

*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.*

*Warnock v. Pecos County, Texas., 88 F3d 341 (5th Cir. 1996)*

*Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.*

*Forrester v. White, 484 U.S. at 227-229, 108 S. Ct. at 544-545 (1987); Westfall v. Erwin, 108 S. Ct. 580 (1987); United States v. Lanier (March 1997)*

*Constitutionally and in fact of law and judicial rulings, state-federal "magistrates-judges" or any government actors, state or federal, may now be held liable, if they violate any Citizen's Constitutional rights, privileges, or immunities, or guarantees; including statutory civil rights.*

*A judge is not immune for tortious acts committed in a purely Administrative, non-judicial capacity.*

I.  The Defendant, under color of law in his capacity as a Judge in the Eleventh Judicial Circuit of Illinois, did violate the Plaintiff's First Amendment rights by:
   a. Refusing to honor the Plaintiff's request to have a court reporter present at each and every hearing.
      i. This action severely limited the ability of the Plaintiff to effectively redress with proven documentation.
   b. Not allowing motions and petitions to be heard in the case.
      i. This did install limits on redress of grievances.

II. The Defendant, under color of law in his capacity as a Judge in the Eleventh Judicial Circuit of Illinois, did violate the Plaintiff's Fifth Amendment rights.
   a. Issues for the Fifth Amendment's due process of law to be addressed in the paragraph for Plaintiff's Fourteenth Amendment rights.

III. The Defendant, under color of law in his capacity as a Judge in the Eleventh Judicial Circuit of Illinois, did violate the Plaintiff's Seventh Amendment Rights.
   a. The Plaintiff did file a Petition for Change of Place of Trial on November 9, 2007. This petition, in addition to statement on why a change of place be granted, requested that whatever entity hears the case will observe the Seventh Amendment rights of the individual. Hearing date was requested as per Defendant's directions. This petition would not be heard, as the Judge would not allow it, stating that no motions or petitions would be heard until the alleged judgment was paid in full
      i. Many motions and petitions were ignored. The petition filed on November 9, 2007 specifically requested Seventh Amendment rights with cause.

IV. The Defendant, under color of law in his capacity as a Judge in the Eleventh Judicial Circuit of Illinois, did violate the Plaintiff's Eighth Amendment rights.
   a. The Defendant did sentence the Plaintiff to be incarcerated until contested judgment was paid in full, stating no only that no petitions or motions would be heard – including habeas corpus, but further stated that if compliance was not made, the Plaintiff could spend the rest of his life in jail.
      i. Lack of recourse, including a clear violation of habeas corpus 735 ILCS 5/10-137. Excessive punishment was shown, without adherence to the Code of Civil Procedure.
      ii. For a Judge to state, without regard to the individual's ability to comply, that if compliance was not made that the individual could spend the rest of their life in prison, could be interpreted as cruel and unusual punishment.

V. The Defendant, under color of law in his capacity as a Judge in the Eleventh Judicial Circuit of Illinois, did violate the Plaintiff's Ninth Amendment Rights.

The Plaintiff has the right to have State Statute applied/used to govern and act as a guideline, including:
   750 ILCS 5/504 – (12)(d), that no maintenance shall accrue during time in jail.
   735 ILCS 5/10-137, habeas corpus.
   750 ILCS 5/504 – (a) (11)
   750 ILCS 5/503 (d) (10)

ILLINOIS SUPREME COURT RULES
   Article I, Rule 63
- A. (1) A Judge should be faithful to law and maintain professional competence in it. A Judge should be unswayed by partisan interests, public clamor, or fear of criticism.
  - a. Judge should have reasonably been aware of the case and laws involving such a case.
  - b. A Judge should not disregard written law without cause.

- A. (4) A Judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A Judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the Judge outside the presence of the parties concerning a pending or impending proceeding with exceptions listed in Rules.
  - a. The Judge failed continuously to allow the right to be heard according to law.
    - i. Disregarded laws stated
    - ii. Ignored motions and petitions filed

- A. (8) A Judge shall perform judicial duties without bias or prejudice. A Judge shall not, in the performance of judicial duties, by word or conduct manifest bias or prejudice based upon race, sex, religion, natural origin, disability, age sexual orientation or socioeconomic status, and shall not permit staff, court officials, and others subject to the Judge's direction and control to do so.
  - a. Judge allowed opposing counsel to misrepresent facts, and when challenged would either reprimand the challenger or disregard the challenge without review.
  - b. Allowed challenged actions without cause or review of facts.
  - c. Ruled consistently in conflict with written law.
  - d. Threw out signed documents without review.
  - e. Allowed motions to be heard from one party while continuing to deny hearing of motions and petitions by the other party.
  - f. On June 25, 2007, the Defendant did show bias, as
    - i. He ignored written law.
      1. Statement contesting opposing party's view on money owed. (Page 4, Line 15 & 16 of court records)
      2. Allowed statement that opposing counsel and Judge should have reasonably known to be untrue. (Page 6, Line 16 & 17 of court records)
    - ii. Judge's fact-finding only takes into account assets and has no regard for liabilities. He holds one party to rigid Court rules while allowing the other to enter what they will without challenge.

       1. Pursuit of targeted information without allowing challenge or balance might reasonably be seen as an attempt to manifest the outcome.

B. (3)(a) A Judge having knowledge of a violation of these canons on the part of a Judge, or violation of Rule 8.4 of the Rules of Professional Conduct on the part of a lawyer shall take or initiate appropriate disciplinary measures.
   a. On multiple occasions, the opposing counsel made statements that they should have reasonably known to be false. When the invalidity of these statements was brought to the attention of the Judge, it was either disregarded or regarded as bad actions on the part of the challenger.
   b. A Motion to Enforce the Illinois Code of Attorney Conduct was filed and went unanswered by the Court.

FEDERAL RULES OF CIVIL PROCEDURE

VII Judgment > Rule 63
Judge's Inability to Proceed
   If a Judge conducting a hearing or trial is unable to proceed, any other Judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or nonjury trial, the successor Judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undo burden. The successor Judge may also recall any other witness.
   1. Upon assignment to the case, the Judge did show up in Court without knowledge of the case.
   2. The Judge should have reasonably had knowledge of why prior Judges disqualified and/or removed themselves from presiding over this case.
       A. The original Judge was defined as a personal friend by the opposing party in the case, and worked on a daily basis with the opposing party's de facto (now legal) husband. This Judge did disqualify himself after and investigation by the Judicial Review Board, the results of which were sealed.
       B. The second Judge in the case, who came to Woodford County solely for this case, did resign due to multiple counts of bias judgments without recusing himself. The Judicial Inquiry Board brought the allegations.
       C. Any Judge taking this case should have been aware that the judgments of both Judges were continuously protested, as they did conflict with written law and Supreme Court Rules.

VII Judgment > Rule 60
Rule 60. Relief from Judgment or Order.
    (b) Grounds for relief from a final judgment, order, or proceeding.
        On a motion and just terms, the Court may relieve a party of its legal responsibility from a final judgment, order or proceeding for the following reasons:
          (1) Mistakes, inadvertence, surprise, or excusable neglect.
          (3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by and opposing party.
          (4) The judgment is void.
          (6) Any other reason that justifies relief.

This is further covered by 735 ILCS 5/2-1401.

VI. The Defendant, under color of law in his capacity as a Judge in the Eleventh Judicial Circuit of Illinois, did violate the Plaintiff's Fourteenth Amendment rights.
The Plaintiff's rights under the Fourteenth Amendment were violated in that the Court did deprive the Plaintiff of liberty and property without due process of law.
  a. According to due process, one has the right to defend in an orderly proceeding.
    i. Failed to allow controverting, by proof material facts that did bear on the matter involved.
      1. Failed to allow liabilities
      2. Refused to hear motions and petitions
      3. Disallowed controverting of motions
    ii. Did deprive of life, liberty, property or of rights granted by statute.
      1. Did disregard the Plaintiff's rights under Illinois Statute, including:
        750 ILCS 5/504 – (12) (d)
        735 ILCS 5/510 – 137
        750 ILCS 5/504 (a) (11)
        750 ILCS 5/502 (a)
        750 ILCS 5/503 (d) (10)
    iii. Did fail to show fundamental fairness and his actions were inconsistent with fundamental justice.
      1. Did continue to hear newly filed motions from one party, while refusing to hear motions and petitions from the other party.
      2. Made judgments and orders without hearing arguments by both parties and statutes that would limit or void said judgments or orders.
The Plaintiff's rights under the Fourteenth Amendment were violated in that the Court did deny the Plaintiff equal protection of the law.

  b. Equal protection under the law.
    i. Failed to allow equal access to the law and Courts.
      1. Did fail to allow motions and petitions to be heard.
      2. Did not allow controverting by proof.
    ii. Did not show equal treatment by law or Courts.
      1. Reasonably allowed opposing counsel to continuously violate Rule 8.4 of the Rules of Professional Conduct.
      2. Defendant sentenced Plaintiff to jail for indirect civil contempt on several occasions without regard to habeas corpus or procedural requirements of the Code of Civil Procedure.
    iii. Did deny equal protection of the laws.
      1. Did show bias and contempt for the rights of the Plaintiff by stating that "Appeals cost money and to file an appeal shows assets," and to show assets would give him cause to incarcerate the Plaintiff.
      2. Continually failed to allow the Plaintiff his legal rights according to written Constitutional law and Statutory provisions.

Wherefore the Plaintiff, in pursuit of substantial justice and the rights afforded by written Constitutional and Statutory provisions, prays this Court issue equitable relief as follows:
1. Issue injunctive relief commanding Defendant to vacate all orders in the case.
2. Issue declaratory relief as this Court deems appropriately just.
3. Allow filed motions and petitions in case to be heard by a non-bias entity.
4. Issue other relief as this Court deems appropriate and just.
5. Award Plaintiff his costs.

_/s/ Stephen Ulrich_
Stephen Ulrich

Stephen Ulrich
4026 Illinois
Peoria Heights, IL 61616
(309) 648-8839

## STATEMENT OF VERIFICATION

I have read the above complaint, and it is correct to the best of my knowledge.