E-FILED
Monday, 04 May, 2009  03:52:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEPHEN ULRICH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-1133 |
| DAVID W. BUTLER, individually, and in his official capacity as Associate Judge of the Eleventh Circuit of Illinois, Woodford County | ) |
| Defendant. | ) |

## ORDER

The Court has reviewed the allegations in Plaintiff's Complaint. For the reasons set forth below, this action is DISMISSED for failure to state a claim.

## BACKGROUND

Plaintiff Stephen Ulrich filed a Complaint against Defendant Judge David W. Butler. It appears from the Complaint that Judge Butler presided over Plaintiff's state court proceedings, although this Court does not know the facts of the underlying state court proceedings. In his Complaint, Plaintiff alleges that "in his official capacity as a Judge", Defendant violated his rights under 42 U.S.C. § 1983 by refusing to have a court reporter present at each and every hearing; not allowing motions and petitions to be heard in the case; refusing to hold a hearing on Plaintiff's Petition for a Change of Place of Trial; and sentencing Plaintiff to be incarcerated until the contested judgment was paid in full, and stating that if compliance was not made that Plaintiff could spend

the rest of his life in prison. Plaintiff seeks injunctive and declaratory relief against Judge Butler.

## DISCUSSION

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

Judges performing judicial functions enjoy absolute immunity against parties complaining about their alleged judicial misconduct. *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) *citing John v. Barron,* 897 F.2d 1387, 1391-92 (7th Cir.1990); *J.B. v. Washington County,* 127 F.3d 919, 925 (10th Cir.1997), *see also Dawson v. Newman,* 419 F.3d 656, 660-61 (7th Cir. 2005).

After reviewing the Complaint, it appears that Plaintiff has brought this action against Judge Butler because Plaintiff did not approve of Judge Butler's rulings and conduct in Plaintiff's state court proceedings. Even in construing the Complaint in the light most favorable to Plaintiff, no set of facts would entitle him to relief because Defendant was performing his judicial functions in state court, and is therefore, entitled to absolute immunity. If Plaintiff believes Judge Butler acted improperly and that his rulings were incorrect, then he should have filed an appeal in that state court case.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint is DISMISSED for failure to state a claim that would entitle him to relief.

ENTERED this 4th day of May, 2009.

                                            s/ Michael M. Mihm  
                                            Michael M. Mihm  
                                            United States District Judge