UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEPHEN ULRICH,           )<br>                                       )<br>           Plaintiff,           )<br>                                       )<br>      v.                             )<br>                                       )   Case No. 09-1133<br>DAVID W. BUTLER, individually, )<br>and in his official capacity as    )<br>Associate Judge of the Eleventh )<br>Circuit of Illinois, Woodford County )<br>                                       )<br>           Defendant.        ) | |

## ORDER

Before this Court is Plaintiff's Motion for Reconsideration, filed as "Motion to Dismiss the Order of May 4, 2009[,] and reinstate case 1:09-CV-1133" [#6] and Plaintiff's Motion for Seventh Amendment Rights [#5].  For the reasons stated below, the Court DENIES Plaintiff's Motions.

## BACKGROUND

Plaintiff filed a Complaint against Defendant Judge David W. Butler, alleging that "under color of law in his capacity as a Judge in the Eleventh Judicial Circuit of Illinois", Defendant violated his rights under 42 U.S.C. § 1983 by refusing to have a court reporter present at each and every hearing; not allowing motions and petitions to be heard in the case; refusing to hold a hearing on Plaintiff's Petition for a Change of Place of Trial; and sentencing Plaintiff to be incarcerated until the contested judgment was paid in full, stating that if compliance was not made that Plaintiff could spend the rest of

his life in prison.  In a May 4, 2009, Order, this Court dismissed Plaintiff's action.  The Court reasoned that judges performing judicial functions enjoy absolute immunity against parties complaining about their alleged judicial misconduct. *See Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) *citing John v. Barron,* 897 F.2d 1387, 1391-92 (7th Cir.1990); *J.B. v. Washington County,* 127 F.3d 919, 925 (10th Cir.1997), *see also Dawson v. Newman,* 419 F.3d 656, 660-61 (7th Cir. 2005).  The Court found that Plaintiff pleaded himself out of court because he alleged that at all times materially relevant to his Complaint, Judge Butler was acting in his role as a judge.

Plaintiff then filed a motion, which is best construed as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, as well as a Motion for Seventh Amendment Rights.

**A.     Motion to Reconsider**

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to request reconsideration of a judgment. *See* Rule 60(b) of the Federal Rules of Civil Procedure; *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008).  Relief pursuant to Rule 60 is extraordinary. *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2008).  The rule specifies the relief that is available and must be adhered to strictly. *In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000).  In relevant part, a court may relieve a party from a final judgment or order based upon, among other reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party....

*See* Rule 60(b) of the Federal Rules of Civil Procedure. "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.1987) (internal citation omitted). Rule 60 may not be used to correct errors of law in the underlying decision. *Swam v. United States*, 327 F.2d 431 (7th Cir. 1964); *Hahn v. Becker*, 551 F.2d 741 (7th 1977); *Bell v. Eastman Kodak*, 214 F.3d 798 (7th Cir. 2000). Additionally, a motion to reconsider brought pursuant to Rule 60(b) is not a substitute for filing an appeal. *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008).

Plaintiff merely rehashes the merits of his Complaint in his Motion to Reconsider. Plaintiff cites to authority that holds that judicial immunity is not absolute and that judicial immunity is lost when a judge lacks jurisdiction. The Court does not question the authority cited by Plaintiff, but this rule of law does not pertain to why this Court should reconsider his dismissal, as Plaintiff never alleges that the defendant judge was acting without jurisdiction or outside of his judicial role. In addition, Plaintiff argues that judges cannot invoke judicial immunity for acts that violate litigant's civil rights. The Court disagrees with Plaintiff: a judge has absolute judicial immunity from resulting civil rights violations, regardless of how reprehensible, if the judge's actions were the kind normally performed by a judge in his judicial capacity. *See Eades v. Sterlinske*, 810 F.2d 723, 725-26 (7th Cir. 1987). As Plaintiff alleges that the defendant judge was acting in his official capacity, he is entitled to judicial immunity.

While Plaintiff may disagree with the Court and file a timely appeal, it is not appropriate to bring this motion to reconsider. Accordingly, the Court DENIES Plaintiff's Motion to Reconsider [#6].

**B.     Motion for Seventh Amendment Rights**

As this Court has dismissed Plaintiff's action for failure to state a claim and has denied Plaintiff's Motion to Reconsider, his Motion for Seventh Amendment Rights [#5] is DENIED for lack of jurisdiction.

## CONCLUSION

For the reasons set forth herein, the Court DENIES Plaintiff's Motions.

ENTERED this 4th day of June, 2009.

                                        s/ Michael M. Mihm
                                        Michael M. Mihm
                                        United States District Judge